United States District Court

For the Northern District of California

1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8   ADOBE SYSTEMS INCORPORATED,              No. C-14-2152 EMC

9          Plaintiff,

                                            **ORDER GRANTING DEFENDANT**
10      v.                                  **HARRISON'S MOTION FOR A MORE**
                                            **DEFINITE STATEMENT AND**
11  SOFTWARE SPEEDY, *et al.*,              **DENYING MOTION TO DISMISS**

12         Defendants.                      **(Docket No. 28)**
    _____/
13

14

15                    **I.    INTRODUCTION**

16      Pending before the Court is the motion to dismiss or, in the alternative, motion for more

17  definite statement filed by Defendant Justin Earl Harrison.  Mr. Harrison contends that Adobe has

18  failed to plead sufficient facts to establish his personal liability for the copyright and trademark

19  infringement claims alleged in this action.  Mr. Harrison also requests that Adobe be ordered to

20  provide a more definite statement which specifically lists the copyrights and trademarks that he is

21  alleged to have infringed.  The Court finds this matter suitable for disposition without oral argument

22  and **VACATES** the hearing set for December 18, 2014.  For the following reasons, Mr. Harrison's

23  motion to dismiss will be **DENIED** and the motion for more definite statement **GRANTED**.

24              **II.    FACTUAL AND PROCEDURAL BACKGROUND**

25      On March 12, 2014, this Court dismissed a copyright and trademark infringement action

26  brought by Adobe against 8 defendants.  *See Adobe Systems Inc. v. Colorado Internet Services, LLC*,

27  No. C-13-4193 EMC, 2014 WL 1007627 (N.D. Cal. Mar. 12, 2014).  The Court found that Adobe

28  had misjoined unrelated defendants who were alleged to have engaged in separate acts of

**United States District Court**

For the Northern District of California

1  infringement.  *See id.* at \*4.  Over the subsequent months, Adobe has filed a number of similar

2  individual suits against these, and other, defendants.  *See Adobe Systems Inc. v. Softwaremedia.com*,

3  No. C14-2147 LHK; *Adobe Systems Inc. v. Bargain Software Shop*, No. C14-3721 EMC; *Adobe*

4  *Systems Inc. v. Software Tech*, C14-2140 RMW.  The complaints in these actions are largely

5  identical, with slight changes to reflect the name of defendant involved in the suit and the underlying

6  sale forming the basis of the infringement claim.

7          This action is brought against Software Speedy – who is alleged to be a "business of

8  unknown status operating from Atlanta, Georgia" – and Justin Earl Harrison – who is alleged to be

9  Software Speedy's owner.  Compl. ¶¶ 2, 7.  On November 2, 2013, Mr. Harrison, on behalf of

10 Software Speedy, entered into an agreement with Adobe to join Adobe's "Partner Connection

11 Program Reseller Agreement" ("APCPRA").  Docket No. 34-3.  In the registration, Mr. Harrison

12 listed his job role as "Sales Representative" and under the category "Additional Contact Type"

13 asserted "Lead Sales; Lead Marketing."  *Id.* at 1.  Adobe argues that Defendants breached the

14 APCPRA by "(i) ordering Adobe Acrobat software products from unauthorized distributers; (ii)

15 offering for sale, selling, and distributing licenses for counterfeit and/or unauthorized original

16 equipment manufacturer software products; and (iii) offering for sale, selling, and distributing

17 electronic software downloads without a license."  Compl. ¶ 31.

18         Adobe further alleges that on October 2, 2013, an Adobe investigator purchased a purported

19 copy of Adobe Acrobat X Standard Full Retail Download Windows from Software speedy's website

20 for $119.99.  *Id.* ¶ 33.  Following the purchase, Software Speedy provided the investigator with

21 download installation instructions and a serial number to activate the software.  *Id.* ¶ 34.  Adobe

22 contends that it has now "confirmed that the serial number provided by Defendants for the

23 [electronic software downloads] was unauthorized OEM product not for resale."  *Id.*  On the basis of

24 this single sale, Adobe asserts five causes of action against both Software Speedy and Mr. Harrison:

25 (1) Trademark infringement in violation of 15 U.S.C. § 1114; (2) false designation of origin/false or

26 misleading advertising in violation of 15 U.S.C. § 1125(a); (3) dilution in violation of 15 U.S.C. §

27 1125(c); (4) copyright infringement in violation of 17 U.S.C. § 501(a); and (5) a violation of

28 California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

**United States District Court**

For the Northern District of California

1   Software Speedy answered Adobe's complaint on September 9, 2014.  Docket No. 23.  Mr.

2   Harrison, represented by the same counsel representing Software Speedy, filed the instant motion to

3   dismiss, or in the alternative for a more definite statement on September 15, 2014.  Docket No. 28.

### III.   DISCUSSION

5   A.    Legal Standard

6        Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the

7   failure to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  A motion to

8   dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged.  *See Parks*

9   *Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995).  In considering such a motion, a court

10  must take all allegations of material fact as true and construe them in the light most favorable to the

11  nonmoving party, although "conclusory allegations of law and unwarranted inferences are

12  insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th

13  Cir.2009). While "a complaint need not contain detailed factual allegations . . . it must plead

14  "enough facts to state a claim to relief that is plausible on its face." *Id.* "A claim has facial

15  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

16  inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662

17  (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "The plausibility standard is

18  not akin to a 'probability requirement' but it asks for more than sheer possibility that a defendant

19  acted unlawfully." *Iqbal*, 129 S.Ct. at 1949.

20  B.    Discussion

21       As detailed above, Software Speedy has answered Adobe's complaint.  Mr. Harrison moves

22  for dismissal on the grounds that the complaint fails to state a claim against him personally for

23  trademark or copyright infringement.  Adobe responds that its complaint states a claim against Mr.

24  Harrison.  First, it argues that to the extent that Software Speedy is an unincorporated entity, Mr.

25  Harrison is directly liable for its actions.  Second, they argue that to the extent Software Speedy *is* a

26  corporation, Mr. Harrison can be held liable under an alter ego theory of liability.  Finally, Adobe

27  contends that Mr. Harrison can still be held personally liable for his own specific tortious conduct,

28

3

**United States District Court**

For the Northern District of California

1   even if it was taken while in his role as a corporate officer.  The Court addresses each argument in

2   turn.

3           1.        Ascertaining Software Speedy's Business Entity Form

4           The Court must begin by ascertaining what form of business entity Software Speedy actually

5   *is*.  Unfortunately, the lawyering on this critical question leaves much to be desired.  On one hand,

6   Adobe filed its complaint listing Software Speedy as a "Business Entity of Unknown Status."  At the

7   same time, the complaint contains a number of "alter ego" related allegations, including that Adobe

8   is "informed and believed" that "Defendant Software Speedy has failed to observe corporate

9   formalities required by law" – suggesting Adobe is alleging that Software Speedy is a corporation.

10  Compl. ¶ 5.  Then, in its opposition to Mr. Harrison's motion to dismiss, Adobe takes the position

11  that Software Speedy is an unincorporated entity and asserts, for the first time, that it has researched

12  corporate filings in every state and found no corporate registration for "Software Speedy."  Docket

13  No. 36, at 4.

14          On the other hand, counsel for Mr. Harrison and Software Speedy – presumably the

15  individual who could definitively answer this question – has failed to clearly articulate and support

16  Software Speedy's business form.  Counsel began Software Speedy's Answer to the complaint by

17  stating: "Defendant SOFTWARE SPEEDY, a limited liability company hereby Answers Plaintiff

18  Adobe Systems, Inc.'s Complaint for Damages as follows."  Docket No. 23, at 2.  In the instant

19  motion to dismiss, counsel makes vague references to Software Speedy being a "corporate entity,"

20  but fails to provide any declaration or judicially noticeable evidence (such as a statement of

21  incorporation filed with a secretary of state, etc.).  Finally, in the reply in support of the motion to

22  dismiss, defense counsel finally asserts, in passing, that the reason Adobe "couldn't find any

23  information regarding the named Defendant 'Software Speedy' is because that name is a DBA of the

24  entity, which Adobe's counsel did locate – Technology Solutions Online, Ltd."  Docket No. 38, at 3.

25  This, of course, raises the question why defense counsel filed an answer – which is subject to

26  Federal Rule of Civil Procedure 11 strictures – asserting that his client was a limited liability

27  company.  *See, e.g.*, *Ruth v. Unifund CCR Partners*, 604 F.3d 908, 911 (6th Cir. 2010) ("The

28

4

**United States District Court**
For the Northern District of California

1  requirement that parties have a good-faith basis for their pleadings applies to answers every bit as

2  much as it does to counterclaims.").

3       This case has been pending for seven months.  There is no reason something as basic as a

4  defendant's form of business entity should still be unclear – particularly where it bears directly on

5  the question of another defendant's personal liability.  Nonetheless, counsel for Software Speedy

6  and Mr. Harrison has now made an unambiguous assertion in a pleading signed pursuant to Rule 11

7  that Software Speeding is a d/b/a of a corporate entity – Technology Solutions Online, Ltd.[1]

8  Accordingly, for purposes of the instant motion, the Court will examine Adobe's complaint in light

9  of Technology Solutions Online Ltd's  apparent corporate form.

10       Within one week of the filing of this order, Software Speedy is **ORDERED** to file a

11  declaration with supporting documentation reflecting the existence of Technology Solutions Online,

12  Ltd. as well as its relationship to Software Speedy.  Further, Software Speedy shall file an amended

13  answer which properly reflects its status.

14      2.    <u>Adobe Has Failed to Sufficiently Allege that Software Speedy Is Simply Mr.</u>

15          <u>Harrison's Alter Ego</u>

16       Adobe argues that even given the protections afforded by the corporate form, Mr. Harrison

17  may be held liable for Software Speedy's obligations under the alter ego doctrine.  The alter ego

18  doctrine provides that "when the corporate form is used to perpetrate a fraud, circumvent a statute,

19  or accomplish some other wrongful or inequitable purpose the courts will ignore the corporate entity

20  and deem the corporation's acts to be those of the persons or organizations actually controlling the

21  corporation." *Sonora Diamond Corp. v. Superior Court*, 99 Cal. Rptr. 2d 824, 836 (Ct. App. 2000).

22  Under California law, to pierce the corporate veil via an alter ego theory, a creditor must show "(1)

23  that there be such unity of interest and ownership that the separate personalities of the corporation

24  and the individual no longer exist and (2) that, if the acts are treated as those of the corporation

25

26

27      [1] According to the website of the Secretary of State for the State of Georgia, Technology Solutions, Ltd. was registered as a corporation on October 10, 2012 by Mr. Harrison.  *See, e.g.*, *Zamudio v. County of Los Angeles*, No. CV 13-895 ABC (PJWx), 2013 WL 3119178, at *4 (C.D.

28  Cal. May 16, 2013) (taking judicial notice of "California Secretary of State Business Search").

**United States District Court**
For the Northern District of California

1    alone, an inequitable result will follow." *Mesler v. Bragg Mgmt. Co.*, 702 P.2d 601, 606 (Cal. 1985)

2    (internal quotation marks and citation omitted).

3        There is no set "litmus test" for determining when the corporate veil will be pierced – the

4    above test depends on the "circumstances of each particular case." *Baize v. Eastridge Companies*,

5    47 Cal. Rptr. 3d 763, 770 (2006).  However, certain factors, such as "[u]ndercapitalziation of the

6    business, commingling of corporate and personal funds, and failure to observe corporate formalities"

7    can leave an individual "vulnerable to a finding of alter ego liability." *Toho-Towa Co., Ltd. v.*

8    *Morgan Creek Prods., Inc.*, 159 Cal. Rptr. 3d 469, 479 (Ct. App. 2013).

9        In its Complaint, Adobe makes a series of allegations pertaining to alter ego liability.

10    Specifically, the Complaint – like all of Adobe's complaints in the similar actions it has filed –

11    generally allege:

12          3.     Plaintiff is informed and believes that, at the time of its
13        creation, now, and at all times relevant to this Complaint, Defendant
         Software Speedy did not and does not have sufficient funding to
         assume responsibility for its foreseeable and actual liabilities.
14

15          4.     Plaintiff is informed and believes that since the time of
         its creation, now, and at all times relevant to this Complaint,
16        Defendant Software Speedy was undercapitalized.

17          5.     Plaintiff is informed and believes that since the time of
         its creation, now, and at all times relevant to this Complaint,
         Defendant Software Speedy has failed to observe corporate formalities
18        required by law.

19    Compl.  ¶¶ 3-5.  These allegations fail to sufficiently allege that Mr. Harrison should be liable under

20    an alter ego theory or that Software Speedy's corporate form should be disregarded.  It is unclear

21    how Adobe could have pled, in good faith and on "information and belief" anything regarding

22    Technology Solutions Online Ltd/Software Speedy's corporate practices since it did not even know

23    Software Speedy's business entity form.  In light of these circumstances, these conclusory

24    allegations do not establish a plausible claim of alter ego liability.  *Cf. Holzli v. Deluca Enters.*, No.

25    11-06148(JBS/KMW), 2012 WL 983693 (D.N.J. Mar. 21, 2012) (stating that "'bare-boned

26    allegations of undercapitalization and common control and/or management, standing alone, do not

27    rise to the level of plausibility required to survive a 12(b)(6) motion'" and that "parroting of the

28    alter-ego factors alone is insufficient to satisfy the required pleading standards").

**United States District Court**
For the Northern District of California

1    The Court is sympathetic to Adobe's arguments that facts relevant to proving an alter ego

2    claim are frequently not publically available and that discovery is necessary on this point.  However,

3    under *Iqbal*, Adobe may not simply rely on legal conclusions and boilerplate allegations in bringing

4    causes of action against a corporate officer, at least where the plaintiff appears to know nothing

5    about the defendant's form of business.  Under these circumstances, Adobe must present *some*

6    factual allegations from which it may be plausibly inferred that the alter ego allegations are true.

7    The Court notes that Software Speedy has answered the complaint and will be subject to

8    discovery – including discovery into its corporate form.  Should discovery reveal a basis for

9    asserting an alter ego claim against Mr. Harrison, Adobe may seek leave to amend its complaint to

10   assert such a claim.

11        3.    Adobe Has Adequately Alleged a Basis for Holding Mr. Harrison Personally Liable

12   Even where alter ego liability does not exist, a corporate officer or director remains

13   "personally liable for all torts which he authorizes or directs or in which he participates,

14   notwithstanding that he acted as an agent of the corporation and not on his own behalf.'" *Id.* at 1021

15   (quoting *Murphy Tugboat Co. v. Shipowners & Merchants Towboat Co.*, 467 F. Supp. 841, 852

16   (N.D. Cal. 1979)).  In *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 914 (9th Cir. 1996),

17   the Ninth Circuit recognized the "applicability of the principle to trademark infringement generally."

18   *Id.* at 823-24.  "'Personal liability on the part of corporate officers have typically involved instances

19   where the defendant was the guiding spirit behind the wrongful conduct, or the central figure in the

20   challenged corporate activity.'"  *Roylance v. Carney*, No. 5:13-cv-04258-PSG, 2014 WL 1652440,

21   at *3 (N.D. Cal. Apr. 23, 2014) (quoting *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, No. 4:08-cv-

22   4254-PJH, 2009 WL 29905, at *5 (N.D. Cal. Jan. 5, 2009)).

23   Here, the complaint (and attached exhibits) alleges that Mr. Harrison owns Software Speedy.

24   Compl. ¶ 7.  Additionally, in filling out Adobe's APCPRA application, Mr. Harrison allegedly listed

25   himself as a "sales representative" and that the application also listed "Lead Sales; Lead Marketing"

26   under the "Additional Contact Type" field.  *Id.*, Ex. C.  As to the alleged infringing conduct at issue

27   in this case, Adobe alleges that "Defendants are not authorized distributors or resellers of [electronic

28   software downloads] of Plaintiff's software products."  *Id.* ¶ 32.  Nonetheless, it is alleged that

United States District Court

For the Northern District of California

1 Software Speedy sold a download copy of Adobe Acrobat X Standard and used an unauthorized

2 OEM serial number. *Id.* ¶¶ 32, 35.

3      While close, the Court finds that Adobe has adequately alleged, for purposes of the pleading

4 stage, Mr. Harrison's personal involvement in the alleged infringement.  It is alleged that Software

5 Speedy's very sale of an electronic download copy of Adobe's software with an OEM key

6 constitutes infringement.  Insofar as Mr. Harrison is alleged to be owner and lead marketing and lead

7 sales representative of the company, there is a plausible basis for concluding that he participated,

8 authorized or directed the challenged activity involved in this case.  Accordingly, Mr. Harrison's

9 motion to dismiss is **DENIED**.

10 C.     <u>Mr. Harrison's Motion for a More Definite Statement Will Be Granted</u>

11      In the alternative, Mr. Harrison has moved for a more definite statement under Rule 12(e).

12 He argues that Adobe has identified "over one thousand (1,000) separate marks in its Exhibits to the

13 Complaint." Docket No. 29, at 10.  He argues that "not all of these marks could be subject to the

14 claims" asserted in this action as they "relate to software not alleged to have been sold by any of the

15 Defendants." *Id.*  Accordingly, he seeks to have Adobe "clearly identify, within reasonable

16 measures, what the Defendants are alleged to have violated." *Id.*

17      "A Rule 12(e) motion for more definite statement is disfavored and is proper only if the

18 complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted,

19 meaning the complaint is so vague that the defendant cannot begin to frame a response." *Craigslist,*

20 *Inc. v. Autoposterpro, Inc.*, No. CV 08 05069 SBA, 2009 WL 890896, at *4 (N.D. Cal. Mar. 31,

21 2009).  Here, defense counsel has already framed a response in the form of Software Speedy's

22 answer, thus undercutting any contention that the complaint is "too vague."

23      Nonetheless, "[m]erely listing a plurality of marks which a trademark holder has acquired . . .

24 is not enough to put a party on notice of trademark infringement, nor is it appropriate for a party to

25 make the blanket statement that the accused infringers 'have infringed its registered and unregistered

26 marks.'" *Valoro v. Valero Energy Corp.*, No. 14-21694-CIV, 2014 WL 3920035, at *4 (S.D. Fla.

27 Aug. 11, 2014).  Thus, in *Monster Cable Products v. Euroflex S.R.L.*, 642 F. Supp. 2d 1001 (N.D.

28 Cal. 2009), the plaintiff had listed three marks that it had acquired and then alleged that defendants

**United States District Court**

For the Northern District of California

1    had "infringed its registered and unregistered marks." *Id.* at 1010.  While the court denied

2    defendant's motion to dismiss, it granted the Rule 12(e) motion, ordering the plaintiff to "identify[]

3    each of its marks . . . .that have allegedly been infringed." *Id.*; *see also Louisiana Pacific Corp. v.*

4    *James Hardie Bldg. Prods., Inc.*, No. C12-3433 SC, 2012 WL 5520394 (N.D. Cal. Nov. 14, 2012)

5    (granting motion to dismiss to the extent it was "predicated on Defendant's alleged infringement of

6    unidentified marks" and ordering plaintiff to "amend its Complaint to specifically identify each and

7    every mark that Defendant allegedly infringed")

8         Here, Adobe has alleged a single infringing sale of Adobe Acrobat X Standard.  Compl. ¶ 33.

9    Nonetheless, as detailed above, it also makes a much broader and more general allegation that

10   Defendants' actions infringe on Plaintiff's "trademarks and copyrights." *Id.*  ¶ 36.  Further, Exhibit

11   A, a "non-exhaustive list of Plaintiff's trademark registrations," contains numerous marks and is

12   referenced in Adobe's first cause of action. *Id.*  ¶ 42.  A far longer "non-exhaustive list" of Adobe's

13   copyrights is referenced in Adobe's fourth cause of action. *Id.* ¶ 69.  Such general references to all

14   of Adobe's marks and a general allegation that Defendants have infringed its "marks" or

15   "copyrights" is insufficient. *See, e.g.*, *id.* ("Without permission, Defendants intentionally and

16   knowingly reproduced, counterfeited, copied, displayed, and/or manufactured Plaintiff's protected

17   works by offering, advertising, promoting, retailing, selling, distributing counterfeit Adobe Acrobat

18   software which are at a minimum substantially similar to plaintiff's copyright protected works (*see*

19   non-exhaustive list of Plaintiff's copyright registrations attached hereto as **Exhibit B**).").

20        Mr. Harrison is entitled to clear notice of the alleged trademarks or copyrights he is alleged

21   to have infringed, particularly in light of the sheer number of marks Adobe has referenced by

22   incorporation in the complaint. *See Lincoln Labs., Inc. v. Savage Labs., Inc.*, 26 F.R.D. 141, 143 (D.

23   Del. 1960) ("[D]efendant's motion requests identification of each of the plaintiff's trade names and

24   trademarks alleged to have been copied by the defendant.  This is a request proper under a 12(e)

25   motion. . . . [I]t is necessary for defendant, in the instant case, to be informed of the specific trade

26   names and trademarks which are claimed to have been infringed, in order for defendant to make a

27   responsive pleading.  Defendant should not be required to guess which of the plaintiff's 60

28   trademarks he is supposed to be infringing . . . .").  Accordingly, Mr. Harrison's Rule 12(e) motion

9

1  is **GRANTED** and Adobe is **ORDERED** to amend its complaint to expressly list the trademarks

2  and copyrights it has a good faith basis for believing Defendants have infringed.  To the extent that

3  further acts of alleged infringement come to light during discovery, Adobe may move to amend its

4  complaint to assert those allegedly infringed marks and copyrights as well.

5  **IV.   CONCLUSION**

6  For the foregoing reasons, Mr. Harrison's motion to dismiss is **DENIED**.  The motion for

7  more definite statement is **GRANTED**.  Adobe shall file an amended complaint which expressly

8  alleges each mark or copyright that they believe Defendants have infringed.  This amended

9  complaint shall be filed within thirty days of this order.

10  This order disposes of Docket No. 28.

11

12  IT IS SO ORDERED.

13

14  Dated:  December 16, 2014

15  _____

16  EDWARD M. CHEN
   United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28