Andrew D. Winghart, Bar No. 225099
WINGHART LAW GROUP
495 Seaport Court, Suite 104
Redwood City, California 94063
drew@winghartlaw.com
Telephone:     (510) 593-8546
Facsimile:      (866) 941-8593

Attorney for Defendant
TECHNOLOGY SOLUTIONS ONLINE LTD.
and JUSTIN EARL HARRISON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TECHNOLOGY SOLUTIONS ONLINE LTD., a Georgia Corporation doing business as SOFTWARE SPEEDY; JUSTIN EARL HARRISON, an Individual; and DOES 1-10, Inclusive,<br><br>Defendants | Case No.: **3:14-CV-02152-EMC**<br><br>**DEFENDANT TECHNOLOGY SOLUTIONS ONLINE LTD.'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES** |

Defendant TECHNOLOGY SOLUTIONS ONLINE, LTD. ("TSO" or "Defendant"), Responds to Plaintiff's First Amended Complaint ("FAC") as follows:

## PARTIES

1. This Answering Defendant can neither confirm nor deny the allegations in this paragraph, and therefore denies the same.

2. This Answering Defendant admits it is a corporation, duly existing under the laws of the state of Georgia. Defendant denies it does business under the name Software Speedy.

3. This Answering Defendant denies the allegations of Paragraph 3 of the FAC.

4. This Answering Defendant denies the allegations of Paragraph 4 of the FAC.

5. This Answering Defendant denies the allegations of Paragraph 5 of the FAC.

6. Admit.

7. Admit.

8. This Answering Defendant can neither admit nor deny the allegations of Paragraph 8 and therefore denies the same.

9. This Answering Defendant denies the allegations of Paragraph 9 of the FAC.

10. This Answering Defendant denies the allegations of Paragraph 10 of the FAC.

## JURISDICTION

11. This Answering Defendant admits the Plaintiff has summarized the claims in its FAC; Defendant denies Plaintiff is entitled to any relief on the claims asserted.

12. This Answering Defendant admits the Plaintiff has summarized the claims in its FAC; Defendant denies Plaintiff is entitled to any relief on the claims asserted.

13. This Answering Defendant denies the allegations of Paragraph 13 of the FAC.

14. This Answering Defendant denies the allegations of Paragraph 14 of the FAC.

15. This Answering Defendant denies the allegations of Paragraph 15 of the FAC.

16. This Answering Defendant denies the allegations of Paragraph 16 of the FAC.

## INTRADISTRICT ASSIGNMENT

17. This Answering Defendant admits the Plaintiff has set forth the Local Rules of this Court.

WINGHART LAW GROUP

18. This Answering Defendant denies the allegations of Paragraph 16 of the FAC.

## GENERAL ALLEGATIONS

### Plaintiff and its Famous ADOBE ® Software Products

19. This Answering Defendant admits that Plaintiff develops software; Defendant denies the remaining allegations of Paragraph 19.

20. This Answering Defendant admits that Plaintiff markets its software; Defendant denies the remaining allegations of Paragraph 20.

21. This Answering Defendant admits that Plaintiff's software is used by many individuals; Defendant denies the remaining allegations of Paragraph 21.

22. This Answering Defendant can neither confirm nor deny the allegations in this paragraph, and therefore denies the same.

23. This Answering Defendant admits that Plaintiff has filed several copyright and trademark registrations, but does not know of the validity of each of these marks; as to the remainder of the allegations of this Paragraph, this Answering Defendant can neither confirm nor deny the remaining allegations in this paragraph, and therefore denies the same.

24. This Answering Defendant admits that Plaintiff has filed several trademark registrations, but does not know of the validity of each of these marks; or whether the exhibit to the FAC accurately reflects the same.

25. This Answering Defendant admits that Plaintiff has filed several copyright registrations, but does not know of the validity of each of these marks; or whether the exhibit to the FAC accurately reflects the same.

### Plaintiff's Licensing Restrictions

26. This Answering Defendant can neither admit nor deny the allegations of Paragraph 26 and therefore denies the same.

27. This Answering Defendant can neither admit nor deny the allegations of Paragraph 27 and therefore denies the same.

28. This Answering Defendant can neither admit nor deny the allegations of Paragraph 28 and therefore denies the same.

29. This Answering Defendant can neither admit nor deny the allegations of Paragraph 29 and therefore denies the same.

30. This Answering Defendant can neither admit nor deny the allegations of Paragraph 30 and therefore denies the same.

### Plaintiff's "Adobe Partner Connection Reseller Program"

31. This Answering Defendant can neither confirm nor deny the allegations in this paragraph, and therefore denies the same.

32. This Answering Defendant admits it entered into an agreement with Plaintiff. However, Defendant can neither confirm nor deny the allegations in this paragraph that the agreement is true and correct at this time.

33. This Answering Defendant denies the allegations of Paragraph 33 of the FAC.

### Defendants' Wrongful and Infringing Conduct

34. This Answering Defendant can neither admit nor deny the allegations of Paragraph 34 and therefore denies the same.

35. This Answering Defendant can neither admit nor deny the allegations of Paragraph 30 and therefore denies the same.

36. Defendant admits it operated the website softwarespeedy.com, however the remaining allegations of this Paragraph are denied.

37. This Answering Defendant can neither admit nor deny the allegations of Paragraph 37 and therefore denies the same.

38. This Answering Defendant denies the allegations of Paragraph 38 of the FAC.

39. This Answering Defendant responds to the allegations of Paragraph 39 of the FAC by stating the terms of the Agreement entered between the parties speaks for itself.

40. This Answering Defendant denies the allegations of Paragraph 40 of the FAC.

41. This Answering Defendant responds to the allegations of Paragraph 41 of the FAC by stating the terms of the Agreement entered between the parties speaks for itself.

42. This Answering Defendant can neither admit nor deny the allegations of Paragraph 42 and therefore denies the same.

43. This Answering Defendant can neither admit nor deny the allegations of Paragraph 43 and therefore denies the same.

44. This Answering Defendant can neither admit nor deny the allegations of Paragraph 44 and therefore denies the same.

45. This Answering Defendant can neither admit nor deny the allegations of Paragraph 45 and therefore denies the same.

46. This Answering Defendant denies the allegations of Paragraph 46 of the FAC that it violated any rights of the Plaintiff.

47. This Answering Defendant denies the allegations of Paragraph 47 of the FAC.

48. This Answering Defendant denies the allegations of Paragraph 48 of the FAC.

49. This Answering Defendant denies the allegations of Paragraph 49 of the FAC.

## FIRST CAUSE OF ACTION

## (Trademark Infringement – Against All Defendants)

## [15 U.S.C. §1114/Lanham Act §32(a)]

50. This Answering Defendant reaffirms, realleges, and reincorporates its responses to each of the proceeding paragraphs as if set forth fully herein.

51. This Answering Defendant can neither admit nor deny the allegations of Paragraph 51 and therefore denies the same.

52. This Answering Defendant can neither admit nor deny the allegations of Paragraph 52 and therefore denies the same.

53. This Answering Defendant can neither admit nor deny the allegations of Paragraph 53 and therefore denies the same.

54. This Answering Defendant denies the allegations of Paragraph 54 of the FAC.

55. This Answering Defendant denies the allegations of Paragraph 55 of the FAC.

56. This Answering Defendant denies the allegations of Paragraph 56 of the FAC.

57. This Answering Defendant denies the allegations of Paragraph 57 of the FAC.

58. This Answering Defendant denies the allegations of Paragraph 58 of the FAC.

59. This Answering Defendant denies the allegations of Paragraph 59 of the FAC.

60. This Answering Defendant denies the allegations of Paragraph 60 of the FAC.

## SECOND CAUSE OF ACTION

**(False Designation of Origin, etc. – Against All Defendants)**

**[15 U.S.C. §1125(a)/Lanham Act §43(a)]**

61. This Answering Defendant reaffirms, realleges, and reincorporates its responses to each of the proceeding paragraphs as if set forth fully herein.

62. This Answering Defendant can neither admit nor deny the allegations of Paragraph 62 and therefore denies the same.

63. This Answering Defendant denies the allegations of Paragraph 63 of the FAC.

64. This Answering Defendant denies the allegations of Paragraph 64 of the FAC.

65. This Answering Defendant denies the allegations of Paragraph 65 of the FAC.

66. This Answering Defendant denies the allegations of Paragraph 66 of the FAC.

67. This Answering Defendant denies the allegations of Paragraph 67 of the FAC.

68. This Answering Defendant denies the allegations of Paragraph 68 of the FAC.

69. This Answering Defendant denies the allegations of Paragraph 69 of the FAC.

70. This Answering Defendant denies the allegations of Paragraph 70 of the FAC.

## THIRD CAUSE OF ACTION

**(Dilution – Against All Defendants)**

**[15 U.S.C. §1125(c)]**

71. This Answering Defendant reaffirms, realleges, and reincorporates its responses to each of the proceeding paragraphs as if set forth fully herein.

72. This Answering Defendant can neither admit nor deny the allegations of Paragraph 72 and therefore denies the same.

73. This Answering Defendant denies the allegations of Paragraph 73 of the FAC.

74. This Answering Defendant denies the allegations of Paragraph 74 of the FAC.

75. This Answering Defendant denies the allegations of Paragraph 75 of the FAC.

76. This Answering Defendant denies the allegations of Paragraph 76 of the FAC.

## FOURTH CAUSE OF ACTION

### (Federal Copyright Infringement – Against All Defendants)

### [17 U.S.C. §501(a)]

77. This Answering Defendant reaffirms, realleges, and reincorporates its responses to each of the proceeding paragraphs as if set forth fully herein.

78. This Answering Defendant can neither admit nor deny the allegations of Paragraph 78 and therefore denies the same.

79. This Answering Defendant denies the allegations of Paragraph 79 of the FAC.

80. This Answering Defendant denies the allegations of Paragraph 80 of the FAC.

81. This Answering Defendant denies the allegations of Paragraph 81 of the FAC.

82. This Answering Defendant denies the allegations of Paragraph 82 of the FAC.

## FIFTH CAUSE OF ACTION

### (Unlawful, Unfair, Fraudulent Business Practices – Against All Defendants)

### [*California Business & Professions Code* §17200 *et seq.*]

83. This Answering Defendant reaffirms, realleges, and reincorporates its responses to each of the proceeding paragraphs as if set forth fully herein.

84. This Answering Defendant denies the allegations of Paragraph 84 of the FAC.

85. This Answering Defendant denies the allegations of Paragraph 85 of the FAC.

86. This Answering Defendant denies the allegations of Paragraph 86 of the FAC.

87. This Answering Defendant denies the allegations of Paragraph 87 of the FAC.

88. This Answering Defendant denies the allegations of Paragraph 88 of the FAC.

89. This Answering Defendant denies the allegations of Paragraph 89 of the FAC.

90. This Answering Defendant denies the allegations of Paragraph 90 of the FAC.

91. This Answering Defendant denies the allegations of Paragraph 91 of the FAC.

## SIXTH CAUSE OF ACTION

### (Breach of Contract – Against All Defendants)

92. This Answering Defendant reaffirms, realleges, and reincorporates its responses to each of the proceeding paragraphs as if set forth fully herein.

93. This Answering Defendant denies the allegations of Paragraph 93 of the FAC.

94. This Answering Defendant denies the allegations of Paragraph 94 of the FAC.

95. This Answering Defendant denies the allegations of Paragraph 95 of the FAC.

96. This Answering Defendant denies the allegations of Paragraph 96 of the FAC.

## PRAYER FOR RELIEF

This Answering Defendant denies Plaintiff is entitled to any relief sought against this Answering Defendant.

WHEREFORE, Defendant Technology Solutions Online prays this Court enter judgment in Defendant's favor on the claims set forth above, that Plaintiff take nothing by its Complaint, that Defendant be awarded its attorneys' fees and costs incurred in defending this action, and for such other and further relief as the Court may deem necessary, just and equitable.

///

///

## FIRST AFFIRMATIVE DEFENSE
## FAILURE TO STATE A CLAIM

As a first, separate, and affirmative defense to the Complaint on file herein, the answering Defendant asserts that Plaintiff's Complaint fails to state a cause of action against this Defendant.

## SECOND AFFIRMATIVE DEFENSE
## ESTOPPEL AND LACHES

As a second, separate, and affirmative defense to the Complaint on file herein, the answering Defendant is informed and believe, and on such information and belief, allege that by reason of Plaintiff's conduct, Plaintiff is estopped to assert any right of relief.

## THIRD AFFIRMATIVE DEFENSE
## OFFSET

As a third, separate, and affirmative defense to the Complaint on file herein, the answering Defendant allege they have incurred damages by reason of Plaintiff's conduct and that it has the right of offset of any amount of monies that may be owed to Plaintiff by way of damages.

## FOURTH AFFIRMATIVE DEFENSE
## WAIVER

As a fourth, separate, and affirmative defense to the Complaint on file herein, the answering Defendant is informed and believe, and on such information and belief, allege that by reason of Plaintiff's conduct which constitutes a waiver, and Plaintiff is estopped to assert any right of relief.

## FIFTH AFFIRMATIVE DEFENSE
## STATUTE OF LIMITATIONS

As a fifth, separate, and affirmative defense to the Complaint on file herein, the answering Defendant is informed and believe, and on such information and belief, allege that by reason of Plaintiff's failure to timely file suit is barred by the Statue of Limitations.

## SIXTH AFFIRMATIVE DEFENSE

## STATUTE OF FRAUDS

As a sixth, separate, and affirmative defense to the Complaint on file herein, the answering Defendant is informed and believe, and on such information and belief, allege that by reason of Plaintiff's failure to establish a written contract is barred under the Statue of Frauds.

Dated this 4th of February, 2015.        WINGHART LAW GROUP

/s/
Andrew D. Winghart
Counsel for Defendant TECHNOLOGY SOLUTIONS ONLINE, LTD. and JUSTIN EARL HARRISON

## JURY DEMAND

Defendant respectfully demands a jury trial for all such issues so triable.

Dated this 4th day of February, 2015.        WINGHART LAW GROUP

/s/
Andrew D. Winghart
Counsel for Defendant TECHNOLOGY SOLUTIONS ONLINE, LTD. and JUSTIN EARL HARRISON