# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE COURTHOUSE

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TECHNOLOGY SOLUTIONS ONLINE LTD., a Georgia Corporation doing business as SOFTWARE SPEEDY; JUSTIN EARL HARRISON, an Individual; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 3:14-CV-02152-EMC<br><br>[~~PROPOSED~~]<br>**FINAL JUDGMENT INCLUDING PERMANENT INJUNCTION AGAINST DEFENDANT TECHNOLOGY SOLUTIONS ONLINE LTD., DOING BUSINESS AS SOFTWARE SPEEDY**<br><br>**Honorable Edward M. Chen** |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction & Dismissal ("Stipulation"), between Plaintiff Adobe Systems Incorporated ("Plaintiff"), on the one hand, and Defendant Technology Solutions Online Ltd. ("TSO"), on the other hand, hereby ORDERS, ADJUDICATES and DECREES that a Final Judgment, including Permanent Injunction, shall be and hereby is entered on the Complaint in the above-referenced matter as follows:

1. **FINDINGS OF FACT**.

   a.  Plaintiff is the source of the Adobe® line of products and services, including the ADOBE®-, ACROBAT®- and CREATIVE SUITE®-branded products and

1  services, and uses and owns various trademarks, copyrights and other intellectual property on
2  and in connection with such products and services, including, among others, its ADOBE® word
3  and design marks, its ACROBAT® word and design marks, its CREATIVE SUITE® word and
4  design marks, and its copyrights in and related to its software, websites, text and other works of
5  authorship along with various trademark and copyright applications and registrations therefor in
6  the Unites States and abroad. (Plaintiff's trademarks, trade names, service marks, copyrights, and
7  other intellectual property are collectively referred to herein as "Plaintiff's Trademarks and
8  Copyrights").

9        b.     TSO acknowledges that consumers and/or purchasers of Plaintiff's
10 products and services have come to know and recognize Plaintiff's Trademarks and Copyrights,
11 and Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such
12 association, innovation, and substantial investment in its branding. Indeed, Plaintiff's
13 Trademarks and Copyrights are famous in the United States and abroad.

14        c.     TSO acknowledges and does not dispute Plaintiff's exclusive rights in and
15 to Plaintiff's Trademarks and Copyrights, including the exclusive right to distribute products
16 utilizing such Trademarks and Copyrights.

17        d.     TSO acknowledges that its infringing conduct and the sale of the
18 infringing products included the sale of unauthorized products which displayed, infringed, and
19 diluted Plaintiff's Trademarks; that its activities have infringed Plaintiff's rights thereto; and that
20 its conduct and activities constitute federal Trademark Infringement, False Designation of
21 Origin, Dilution, state Trademark Dilution, Copyright Infringement, Unfair Business Practices
22 under California law, Breach of Contract, and other violations of various state and federal
23 statutory and common law.

24        e.     TSO acknowledges that its infringing conduct and the sale of the
25 infringing products included, specifically, the sale of software infringing upon Plaintiff's
26 Trademarks and Copyrights, including the Adobe®, Acrobat® and Creative Suite® marks and
27 works, through its website located at www.softwarespeedy.com.
28

2. **MONETARY JUDGMENT**. TSO acknowledges and admits that it has willfully and intentionally infringed upon seventy-seven (77) of Plaintiff's Trademarks and Copyrights by selling and/or distributing unauthorized versions of Plaintiff's software, which bear, use or contain Plaintiff's Trademarks and Copyrights. Pursuant to 17 U.S.C. § 504, Plaintiff is thus entitled to the maximum statutory damages award of One Hundred Fifty Thousand ($150,000.00) per copyright infringed. Accordingly, Plaintiff is entitled to recover and TSO shall pay to Plaintiff the total sum of Eleven Million Five Hundred Thousand Dollars ($11,500,000.00) on Plaintiff's Complaint for Damages and Declaratory Relief.

3. **PERMANENT INJUNCTION.** The Court finds there is no reason for delay in entering this Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against TSO. TSO and any person or entity acting in concert with, or at its direction, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which they may exercise control, are hereby restrained and enjoined, pursuant to 15 United States Code ("U.S.C.") §1116(a) and 17 U.S.C. §502, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

    a. importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any of Plaintiff's Trademarks and Copyrights and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks and Copyrights, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

    b. copying or downloading, other than for personal use of a validly licensed and registered software, of any software containing Plaintiff's Trademarks and Copyrights, including but not limited to ADOBE®, ACROBAT® and CREATIVE SUITE® marks and

works, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks and Copyrights;

    c.    performing or allowing others employed by or representing them, or under their control, to perform any act or thing which is likely to injure Plaintiff, any of Plaintiff's Trademarks and Copyrights, including but not limited to ADOBE®, ACROBAT® and/or CREATIVE SUITE® marks and works, and/or Plaintiff's business reputation or goodwill, including making disparaging, negative, or critical comments regarding Plaintiff or its products;

    d.    engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, federal copyright infringement, or other act which would tend damage or injure Plaintiff; and/or

    e.    using any Internet domain name or website that includes any of Plaintiff's Trademarks and Copyrights, including but not limited to the ADOBE®, ACROBAT® and CREATIVE SUITE® marks and works.

4. **FORFEITURE**. TSO is ordered to deliver immediately for destruction all unauthorized products, including counterfeit, educational, grey market, or original equipment manufacturer ADOBE® software products and related products, serial activation keys and cards, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in its possession or under its control bearing any of Plaintiff's intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, to the extent that any of these items are in TSO' possession.

5. **SCOPE OF ENFORCEABILITY**. This Final Judgment shall only apply to present claims against TSO that Plaintiff is aware of at the time of execution by the Court and *does not include any future unknown claims that may arise thereafter*.

6. This Final Judgment, including Permanent Injunction, shall be deemed to have been served upon TSO at the time of its execution by the Court.

7. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal. This Court

1  expressly retains jurisdiction over this matter to enforce any violation of the terms of this
2  Permanent Injunction.
3      8.    **NO FEES AND COSTS.**  Each party shall bear their own attorneys' fees and
4  costs incurred in this matter.
5      IT IS SO ORDERED, ADJUDICATED and DECREED this ___2nd___ day of
6  ___March___, 2015.

_____
HONORABLE EDWARD M. CHEN
United States District Judge
Northern District of California

IT IS SO ORDERED
Judge Edward M. Chen