UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE COURTHOUSE

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TECHNOLOGY SOLUTIONS ONLINE LTD., a Georgia Corporation doing business as SOFTWARE SPEEDY; JUSTIN EARL HARRISON, an Individual; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 3:14-CV-02152-EMC<br><br>[PROPOSED]<br>**PERMANENT INJUNCTION AGAINST DEFENDANT JUSTIN EARL HARRISON & DISMISSAL WITH PREJUDICE**<br><br>**Honorable Edward M. Chen** |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction & Dismissal ("Stipulation"), between Plaintiff Adobe Systems Incorporated ("Plaintiff"), on the one hand, and Defendant Justin Earl Harrison ("Harrison"), on the other hand, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Harrison as follows:

1. **PERMANENT INJUNCTION.** Harrison and any person or entity acting in concert with, or at his direction, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which he may exercise control,

are hereby restrained and enjoined, pursuant to 15 United States Code ("U.S.C.") §1116(a) and 17 U.S.C. §502, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

    a.    importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any of Plaintiff's trademarks and copyrights, including but not limited to ADOBE®, ACROBAT® and/or CREATIVE SUITE® marks and works (collectively "Plaintiff's Trademarks and Copyrights"), and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks and Copyrights, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

    b.    copying or downloading, other than for personal use of a validly licensed and registered software, of any software containing Plaintiff's Trademarks and Copyrights, including but not limited to ADOBE®, ACROBAT® and CREATIVE SUITE® marks and works, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks and Copyrights;

    c.    performing or allowing others employed by or representing them, or under their control, to perform any act or thing which is likely to injure Plaintiff, any of Plaintiff's Trademarks and Copyrights, including but not limited to ADOBE®, ACROBAT® and/or CREATIVE SUITE® marks and works, and/or Plaintiff's business reputation or goodwill, including making disparaging, negative, or critical comments regarding Plaintiff or its products;

    d.    engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, federal copyright infringement, or other act which would tend damage or injure Plaintiff; and/or

    e.    using any Internet domain name or website that includes any of Plaintiff's Trademarks and Copyrights, including but not limited to the ADOBE®, ACROBAT® and CREATIVE SUITE® marks and works.

2. Harrison is ordered to deliver immediately for destruction all unauthorized products, including counterfeit, educational, grey market, or original equipment manufacturer ADOBE® software products and related products, serial activation keys and cards, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in his possession or under his control bearing any of Plaintiff's intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, to the extent that any of these items are in Harrison's possession.

3. This Permanent Injunction shall be deemed to have been served upon Harrison at the time of its execution by the Court, and the case shall be dismissed against Harrison upon entry of this Permanent Injunction.

4. The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Harrison.

5. Harrison will be making agreed upon monetary payments to Plaintiff, as more particularly described in a separate Confidential Settlement Agreement.

6. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction.

7. **NO FEES AND COSTS.** Each party shall bear their own attorneys' fees and costs incurred in this matter.

/ / /

/ / /

/ / /

8. **DISMISSAL.** The Court hereby dismisses this action with prejudice against Harrison upon entry of this Permanent Injunction against Harrison.

IT IS SO ORDERED, ADJUDICATED and DECREED this 2nd day of March, 2015.



_____
HONORABLE EDWARD M. CHEN
United States District Judge
Northern District of California